Law Office of Xian Feng Zou
136-29 38th Avenue, Suite 10D
Flushing, New York 11354
Tel: (718) 661-9562

UNITED STATES BANKRUTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X         Chapter 11
In re:
                                                       Case No.: 1-10-46769 (JBR)

ALBION PROPERTY MANAGEMENT, LLC,

                   Debtor,
--------------------------------------------------------X

## NOTICE OF MOTION TO STAY THE ORDER
## GRANTING LANDLORD RELIEF FROM AUTOMATIC STAY
## PENDING APPEAL OF THE ORDER

PLEASE TAKE NOTICE, that upon the application of William X. Zou, Esq., dated August 9, 2010, Albion Property Management, LLC, the debtor herein (the "Debtor") by its attorney, The Law Offices of Xian Feng Zou, will move this Court, and all the pleadings and proceedings heretofore had herein, the undersigned attorneys of Debtor, Albion Property Management, will move this Court in Courtroom 3577, United States Bankruptcy Court, 271 Cadman Plaza East, 3rd Floor, Brooklyn, NY on the _____ day of August, 2010 at 9:30 AM (Or by telephone) in the forenoon of that day, or as soon thereafter as counsel may be heard, why an order should not be made pursuant to Bankruptcy Rule §8005 granting Debtor a stay of the Order granting Landlord relief from the automatic stay, dated July 30, 2010, (the "Order") pending appeal of the Order, together with such other and further relief as this Court deems just and proper.

Dated: Queens, New York

August 10, 2010

        Respectfully submitted,

        \_\_\_\_/s/ William X. Zou_____
        By: William X. Zou (XZ5458)
        Attorney for Debtor
        Albion Property Management LLC
        136-20 38th Avenue, Suite 10D
        Flushing, NY 11354
        (718) 661-9562

UNITED STATES BANKRUTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X          Chapter 11
In re:
                                                                       Case No.: 1-10-46769 (JBR)

ALBION PROPERTY MANAGEMENT, LLC,


                         Debtor,
--------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION FOR A STAY OF THE ORDER GRANTING LANDLORD RELIEF FROM AUTOMATIC STAY PENDING APPEAL OF THE ORDER**

      William X. Zou, Esq. the undersigned attorney for Debtor, Albion Property Management LLC, ("Debtor") hereby files this motion seeking to stay the Order, dated July 30, 2010, granting Landlord, Novelty Crystal Corp's ("Landlord") motion for relief from the automatic stay pending appeal and in support hereof, states as follows:

      1.      By motion dated July 19, 2010, Landlord sought relief from the automatic stay pursuant to 11 USC § 362(d).

      2.      On July 30, 2010, the Court entered the Order granting Landlord's application for relief from stay ("Order").

      3.      On August 10, 2010, Debtor filed a Notice of Appeal in relation to the Order, thereby initiating an appeal of the Order.

      4.      Pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure, Bankruptcy Courts have the discretion to stay proceedings pending appeal. Fed. R. bank. P. 8005 ("Rule 8005"). Rule 8005 provides in pertinent part:

> The bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of the appeal on such terms as will protect the rights of all parties in interest.

5.      Courts in the Second Circuit have applied a four part test in determining whether a stay pending appeal is warranted under Rule 8005: 1) whether there is a substantial possibility of success on appeal, 2) the risk of irreparable injury to the Debtor absent a stay, 3) the lack of substantial harm to the Landlord if a stay is granted, and 4) the public interests that may be affected. *Hirschfeld v. Bd. Of Elections*, 984 F.2d 35, 39 (2nd Cir. 1993); In re Country Squire Assocs. Of Carle Place, 203 B.R. 182, 183 (2nd Cir. BAP 1996).

6.      Additionally, the Second Circuit has held that the necessary level or degree of possibility of success on appeal will vary according to the Court's assessment of the other factors for a stay.  *Mohammed v. Reno*, 309 F.3d 95, 101 (2nd Cir. 2002).

7.      In the instant case, Debtor satisfies the elements of the test and is entitled to a stay pending an appeal of the Order.

8.      Debtor certainly has a likelihood of success on the merits as the relevant statute and case law both support Debtor's tenant's right to remain in the premises as the warrant of eviction although issued has yet to be executed.

9.      Section 749(3) of the New York Real Property Actions & Proceedings Law provides as follows:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, <u>but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.</u> Petitioner may recover by action any sum of money which was payable at the time when the special proceeding was commenced and the reasonable value of the use and occupation to the time when the warrant was issued, for any period of time with respect to which the agreement does not make any provision for payment of rent. (*emphasis added*).

10. "The effect of this statute is clear: the Debtor's leasehold rights were terminated upon the issuance of the warrant of eviction, subject to the power of the state court to vacate the warrant for good cause prior to execution of the warrant. Nevertheless, case law is also clear that if a debtor remains in possession after the issuance of the warrant, the debtor retains an equitable possessory interest in the leasehold sufficient to trigger the protection of the bankruptcy automatic stay. See, *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc.* 835 F.2d 427, 430 (2d Cir. 1987) ("Indeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay."); *In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 399 (Bankr. S.D.N.Y. 2001) ("These decisions are consistent with the principle recognized by the Second Circuit that a debtor, whose legal rights have been terminated, nonetheless has an equitable interest based on bare possession which is afforded the protections of the automatic stay.")." *In re: Sweet N Sour 7th Ave. Corp.*, No. 10-12723, 2010 WL 20710433, at *5 (Bankr. S.D.N.Y. June 18, 2010). See, also *In re Mad Lo Lo LLC*, No. 09-11911, 2009 WL 2902567 (Bankr. S.D.N.Y. May 28, 2009).

11. In both *Sweet N Sour* and *Mad Lo Lo*, the Courts denied the landlord's motion for relief from the automatic stay and held that the Debtor had equitable possessory interest in the premises based on bare possession of the real property and shall be afforded the protection of the automatic stay so that it may move to vacate the warrant of eviction in State Courts.

12. This case is analogous to *Sweet N Sour* as well as *Mad Lo Lo*. The Debtor is still in possession of the real property, it has equitable possessory interest in the real property, its motion to vacate the warrant of eviction and to dismiss the housing court

proceeding is still pending before the Appellate Term of the Supreme Court of the State of New York, Second Department.

13.     As the recent case law demonstrates, the Bankruptcy courts have upheld the possessory interest of tenants who remain in possession subsequent to issuance of a warrant of eviction and have granted a stay to afford them the ability to seek vacatur of the warrant of eviction.

14.     It is clear that without a stay of the Order, Debtor will suffer an irreparable harm, as it will be evicted from the premises and lose its substantial assets associated with the premises including the long term Lease with the Landlord and the subleases with Debtor's six subtenants, without the Bankruptcy Court and the Trustee first being able to assess the value of the assets and the ability of the Debtor to restructure its liabilities.

15.     Additionally, although Debtor should be afforded the ability to seek vacatur of the warrant of eviction, without the stay, such right would be rendered ineffective as the Landlord will evict the Debtor before the appeal is heard.

16.      Most significantly, is the fact that Debtor has invested substantial funds into the premises to renovate and rezone the premises, under what was supposed to be about a 45-year lease.  Not only has Debtor invested significant funds into the premises, but Debtor has made and Landlord has received rental payments, even after the issuance of the warrant, and up to July 2010.  Accordingly, Debtor has made rental payments however there is a dispute over the amount of arrears and extra charges unreasonably imposed by the Landlord.

17.     Therefore, Landlord would not be substantially harmed should a stay of the Order pending the appeal be granted as Landlord will continue to receive rental

payments. Landlord's interest is also protected by insurance policies. In addition to insurance policies secured by subtenants, the Debtor has also procured insurance policies naming the Landlord as additional insured. Attached hereto as Exhibit A is a copy of a Certificate of Liability Insurance naming the Landlord, Novelty Crystal Corp. as additional insured.

18. Finally, a stay in the Order pending the appeal will affect the public interest as the premises is home to 6 different businesses which are subtenants of the Debtor with about 100 employees collectively. The businesses are fixtures of the neighborhood, and have become a destination point in Queens. Furthermore, for a business such as the restaurant/caterer on the premises, which has customers who book in advance, an eviction would have an unduly harsh effect on such customers. A stay of the Order pending the appeal would protect the interest of the businesses, employees, customers and the public.

WHEREFORE, for all the reasons set forth herein, Debtor respectfully requests that the Court enter an Order staying the Order of July 30, 2010 granting Landlord relief from the automatic stay pending appeal and granting such further relief as this Court deems just and proper.

Dated: Queens, New York
      August 10, 2010

                                 Respectfully submitted,

                                 _____/s/ William X. Zou_____
                                 By: William X. Zou (XZ5458)
                                 Attorney for Debtor
                                 Albion Property Management LLC
                                 136-20 38th Avenue, Suite 10D
                                 Flushing, NY 11354
                                 (718) 661-9562

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X    Chapter 11

In re:

                                                  Case No.: 1-10-46769(JBR)

ALBION PROPERTY MANAGEMENT, LLC,

                     Debtor,

-------------------------------------------------------------X

## CERTIFICATION OF SERVICE

       I, Bill X. Zou, an attorney in the above referenced matter, hereby certify as follows: on the 10th day of August, 2010, I served a true copy of Notice of Motion to Stay the Order Granting Landlord Relief from Automatic Stay Pending Appeal of the Order, by United States Postal Service on the party set forth below:

                Michael F. Schwartz
                PennProefriedt Schwartz & Schwartz
                114 W 47th Street, 19th Floor
                New York, NY 10036

Dated: August 10, 2010

                                            LAW OFFICES OF XIAN FENG ZOU

                                            /s/ Bill Xian Feng Zou
                                            Bill Xian Feng Zou (XZ5458)
                                            136-20 38th Avenue, Suite 10D
                                            Flushing, NY 11354