UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

                                            Case No. 1-10-46769-jbr

ALBION PROPERTY MANAGEMENT, LLC,

                                            Chapter 11

                 Debtor.
-------------------------------------------------------------x

## DECISION AND ORDER ON APPLICATION FOR STAY PENDING APPEAL

<u>Appearances</u>:

Mr. William X Zou
Law Offices of Xian Feng Zou
136-20 38th Avenue
Suite 10D
Flushing, NY 11354

On the Phone:
Ms. Sharyn Tritto
Penn Proefriedt Schwarzfeld & Schwartz
114 West 47th Street
19th Floor
New York, NY 10036

        On July 18, 2010, Albion Property Management, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 20, 2010, Novelty Crystal Corp. (the "Landlord"), filed a Motion for Relief from Stay (Docket No. 5) ("Novelty Lift Stay Motion") regarding real property located at 79-17 and 79-55 Albion Avenue, Elmhurst, New York (the "Property"). On July 22, 2010, the Court issued notice that a hearing on the Novelty Lift Stay Motion would be heard on July 28, 2010 and that any response or opposition papers should be filed no later than July 27, 2010 at 12 p.m. On July 27, 2010, the

Debtor filed a Motion to extend the time to respond to the Novelty Lift Stay Motion. The Court granted the Debtor's request for an adjournment and scheduled the hearing on the Novelty Lift Stay Motion for July 30, 2010 with any response or opposition papers to be filed no later than July 29, 2010. On July 29, 2010, the Debtor filed an Affirmation in Opposition to the Novelty Lift Stay Motion. On July 30, 2010, the Debtor filed a Supplemental Affirmation in Opposition to the Novelty Lift Stay Motion.

On July 30, 2010, the Court held a hearing on the Novelty Lift Stay Motion. Based on a review of the papers and the arguments of counsel the Court determined that there was a lack of adequate protection provided to the Landlord pursuant to 11 U.S.C. § 362(d)(1) and that the automatic stay provided under 11 U.S.C. § 362 should be terminated for cause. The Court found on the record that the Debtor was not in a position to provide adequate protection to the Landlord as the debtor does not have adequate insurance, counsel for the Debtor has failed to correct the insurance although he has been aware of the issue prior to the filing of the petition, the debtor owes years worth of past-due taxes which continue to accrue, the certificate of occupancy has expired, and many of the subtenants are not paying the Landlord. The Court made particular note that it was not making a determination on the Debtor's possible interest in the leasehold at this time and that the granting of relief from the automatic was based solely on a finding of lack of adequate protection.

On August 10, 2010, counsel for the Debtor filed a Motion to Stay the Order Granting Landlord Relief from the Automatic Stay Pending Appeal (Docket No. 34) (the "Stay Application"). On August 17, 2010, the Landlord filed a Response in Opposition to the Debtor's Request for a Stay Pending Appeal (Docket No. 43). On August 20, 2010, the Court heard

argument of the Stay Application and for the reasons set forth below, denies the Stay Application in its entirety.

## DISCUSSION

### The Movant Has Failed to Meet His Burden of Proof to Establish the Elements Necessary for a Stay Pending Appeal.

It is well established that the movant seeking an Order directing the issuance of a stay pending appeal, a party must establish the following four elements:

(1) that she will likely prevail on the merits of the appeal;
(2) that she will suffer irreparable injury if the stay is denied;
(3) that other parties will not be substantially harmed by the stay; and
(4) that the public interest will be served by granting the stay.

Hirschfeld v. Board of Elections, 984 F.2d 35, 39 (2d Cir. 1993); In re Vincent Andrews Management Corp., 414 B.R. 1, 4 (D. Conn. 2009)(citing In re World Trade Center Disaster Site Litigation, 503 F.3d 167, 170 (2d Cir. 2007). This standard has been applied to bankruptcy proceedings. In re Singer Co., N.V., 2000 WL 257138 (S.D.N.Y. 2000). The case law in this district suggests that all four criteria must be satisfied for a stay to be issued, and emphasizes that the single most important factor is likelihood of success on the merits or a serious question going to the merits and a tipping of the equities in favor of the movant. See In re Holtmeyer, 229 B.R. 579, 582 (E.D.N.Y. 1999). The movant has failed to establish these elements. The Court determined that there was a lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1) and that the automatic stay should be terminated for cause; however, the movant does not address the lack of adequate protection in the Stay Application. While the movant asserts a possessory interest in the Property, he does not cite to any analogous case law where a possessory interest was found in property that is being sublet. Even if the Court were to find that the movant would

suffer irreparable harm from the termination of the automatic stay, and that other parties would not be substantially harmed by issuance of the stay, the movant has failed to raise serious questions to establish a substantial possibility of success on the merits of his appeal. The Debtor continues to have inadequate insurance, an expired certificate of occupancy, and is in arrears on substantial back taxes and rent, therefore depriving the Landlord of adequate protection. Moreover, the New York State Appellate Division vacated Debtor's stay pending appeal of a New York State Supreme Court Decision, and in the interest of comity with State Courts, the Court believes that the Stay Application must be denied.

## CONCLUSION

For the reasons set forth above, the Court finds that the movant has failed to meet his burden of proof to establish the criteria necessary for a stay pending appeal. The Court specifically finds that the movant has failed to establish a likelihood of success on the merits. The Stay Application is denied in all respects.

IT IS SO ORDERED.


Dated: Brooklyn, New York
     August 20, 2010

                                                 s/ Joel B. Rosenthal
                                                   HON. JOEL B. ROSENTHAL
                                                   United States Bankruptcy Judge